# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| JOSEPH D. PELLERIN, JR. | : | DOCKET NO. 2:04-cv-1647 |
|---|---|---|
| VS. | : | |
| XSPEDIUS COMMUNICATIONS LLC. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Currently before the court is a "Motion for Partial Summary Judgment" [doc. 14] filed on behalf of the defendant, Xspedius Communications, LLC. By this motion, the defendant seeks to have the court apply the two year statute of limitations found in 29 U.S.C. § 255(1)(a) to bar the plaintiff's claims for unpaid overtime compensation accruing prior to August 6, 2002. The plaintiff has filed a memorandum in opposition to this motion, and the defendant has filed a reply memorandum.

## FACTS

Plaintiff was employed by the defendant from August, 2000 until March, 2004 as a software developer. He alleges that beginning in September, 2001 he worked beyond 40 hours per week on a regular basis but that he was not paid for this overtime. He claims that the defendant's failure to pay him overtime wages was a violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and was done in bad faith. On August 6, 2004, the plaintiff filed this civil action under the FLSA.

## LAW AND ANALYSIS

Under the FLSA, employers are required to pay time and a half for each hour that an employee works in excess of 40 hours each week. 29 U.S.C. § 207. The violation of this provision by an employer gives rise to a cause of action under the FLSA. 29 U.S.C. § 216(b). Any cause of action for unpaid overtime or liquidated damages under the FLSA must be commenced within two years after the

cause of action accrued, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause accrued." 29 U.S.C. § 225(1)(a).

By the current motion, the defendant seeks to have the court bar the plaintiff from recovering unpaid overtime compensation which accrued more than 2 years prior to the commencement of this action because the plaintiff's complaint does not specifically allege that the defendant "willfully" violated the FLSA. The defendant contends that the plaintiff's use of the phrase "bad faith" instead of "willful" is not sufficient to put it on notice that the plaintiff is seeking to recover for violations of the FLSA beyond the two-year statute of limitations applicable to non-willful violations. In opposition to this motion, the plaintiff argues that his complaint was sufficient to put the defendant on notice of his claims and that the issue of whether the defendant willfully violated the FLSA is a fact issue which must be decided based upon the evidence presented at trial. The defendant has filed a reply to the plaintiff's opposition, urging that its motion be granted because the plaintiff has failed to allege facts necessary to establish a willful violation which is necessary in order for him to seek recovery under the three year statute of limitations.

Under the notice pleading system provided for by Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 122 S.Ct. 992, 998 (2002), quoting *Conley v. Gibson*, 78 S.Ct. 99 (1957). In his complaint, the plaintiff alleges that he was not paid for overtime beginning in September, 2001 and that the defendant's failure to pay overtime wages to him was done in bad faith. Complaint ¶¶ 10, 11. The complaint further states that "[d]uring the aforementioned period of time, defendant failed to pay overtime wages to plaintiff in the approximate amount of $18,900." Complaint ¶ 12. The plaintiff seeks this amount from the defendant as compensation for overtime work in addition to liquidated damages and attorney fees. *See* Complaint, ¶ 13. From these allegations, the court finds that the defendant was put on notice as to the time period

for which the plaintiff was seeking unpaid overtime wages.[1]

The plaintiff's claims for unpaid overtime from September, 2001 to August 5, 2002 are time-barred if the two year statute of limitations for non-willful violations of the FLSA applies but are timely under the three year statute of limitations applicable to willful violations. The standard for determining willfulness is whether "the employer either knew or showed reckless disregard for whether [its] conduct violated the FLSA." *Reich v. Tiller Helicopter Services, Inc.*, 8 F.3d 1018, 1036 (5th Cir. 1993), citing *McLaughlin v. Richland Shoe Company*, 108 S.Ct. 1677, 1681 (1988). Whether a violation, if any, of the FLSA was willful is a question of fact which should ordinarily be determined at trial, or absent genuine issues of material fact, on summary judgment after full discovery. *See Reich*, 8 F.3d at 1036 (willfulness is a finding of fact); *Karr v. City of Beaumont, Tx.*, 950 F.Supp. 1317, 1325 (E.D. Tex. 1997)("Willfulness is a fact issue for the jury."); *Cash v. Conn Appliances, Inc.*, 2 F.Supp.2d 884, 897 (E.D. Tex. 1997).

Because a determination regarding the applicable statute of limitations depends upon a prior finding as to willfulness and because there are genuine issues of material fact as to this issue, it is

ORDERED that the Motion for Partial Summary Judgment be and it is hereby DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 18th day of July, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that if a complaint fails to state a claim upon which relief can be granted or if it fails to specify allegations in a manner that provides sufficient notice, it is appropriate for the defendant to file, prior to answering, either a motion to dismiss under Rule 12(b)(6) or a motion for more definite statement under Rule 12(e). *See Swierkiewicz v. Sorema N.A.*, 122 S.Ct. 992, 998 (2002). The defendant did not file either type of motion in this case.