# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSEPH D. PELLERIN, JR.** | : | **DOCKET NO. 04-1647** |
| **VS.** | : | |
| **XSPEDIUS COMMUNICATIONS LLC.** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 19] filed by defendant, Xspedius Communications, LLC (improperly named, Xspedius Management Co. of Shreveport, LLC).[1] Defendant's motion seeks a determination that plaintiff, Joseph D. Pellerin, Jr., is not entitled to recover any overtime compensation during his employment with Xspedius. Alternatively, defendant seeks a judgment dismissing plaintiff's claim for liquidated damages and barring his claim for unpaid overtime compensation accruing prior to August 6, 2002. Following a delay for briefing, the matter is now before the court.

## SUMMARY JUDGMENT PRINCIPLES

Summary judgment is proper if the movant demonstrates that "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Lechuga v. Southern Pacific Transp. Co.*, 949 F.2d 790 (5th Cir. 1992). "In order to defeat a properly supported motion for summary judgment, the

---

[1] The above-captioned matter has been referred to the undersigned for the conduct of all further proceedings and the entry of judgment. 28 U.S.C. § 636(c).

nonmoving party must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a "fair-minded jury"[2] that it is entitled to a verdict in its favor." *ContiCommodity Services, Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995)(citing, *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257 (5th Cir. 1991)).

In response to a properly supported motion for summary judgment, the non-movant, may not rest upon the mere allegations or denials contained in his pleadings, but instead must set forth, by affidavit or otherwise, the specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). In other words, once the moving party points to an absence of evidence in the nonmoving party's case, the non-movant must come forward with summary judgment evidence sufficient, such that if introduced at trial, it would suffice to prevent a directed verdict against the non-movant. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

Nevertheless, when the movant bears the burden of proof on an issue, he must establish "beyond peradventure[3] all of the essential elements of the ⋯ defense to warrant judgment in his favor." *Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)(citations omitted).

## **FACTS**

Plaintiff was employed by Xspedius from October, 2000 until approximately March, 2004, as a software developer. (Pl. Answer to Interr. No. 8; Pellerin Affidavit). He alleges that since at least December 29, 2001, he worked beyond 40 hours per week on a regular basis but that he was not paid for this overtime. (Pl. Ans. to Interr. No. 1; Petition, ¶ 10). He claims that defendant's failure to pay him overtime wages was a bad faith violation of the Fair Labor

---

[2] Or the undersigned, in this bench trial case.

[3] In other words, beyond doubt.

Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. On August 6, 2004, the plaintiff filed this civil action under the FLSA.

## LAW AND ANALYSIS

Pursuant to the FLSA, employers are required to pay time and a half for each hour that an employee works in excess of 40 hours each week. 29 U.S.C. § 207. However, the general rule is subject to several exemptions. *Vela v. City of Houston*, 276, F.3d 659, 666 (5th Cir. 2001). These exemptions are to be narrowly construed against the employer. *Mitchell v. Kentucky Finance Co.*, 359 U.S. 290, 295, 79 S.Ct. 756, 759 (1959)(citation omitted); *Paul v. Petroleum Equipment Tools Co.*, 708 F.2d 168, 170 (5th Cir. 1983)(citation omitted). The employer has the burden of establishing that it is entitled to the exemption. *Dole v. Mr. W Fireworks, Inc.*, 889 F.2d 543, 546 (5th Cir. 1989)(citing, *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 80 S.Ct. 453, 456-57(1960)).

At issue here is the "computer professional" exemption. The relevant statute provides that § 207 does not apply to

> any employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose *primary duty* is–
>
> (A) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;
>
> (B) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
>
> (C) the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or
>
> (D) a combination of duties described in subparagraphs (A), (B), and (C) the performance of which requires the same level of skills, . . .

29 U.S.C.A. § 213(a)(17); 29 C.F.R. § 541.303 (2004)(emphasis added).[4]

The regulations further flesh out the requirements of this exemption. For instance, the employee's primary duty must consist of:

> [w]ork that requires theoretical and practical application of highly-specialized knowledge in computer systems analysis, programming, and software engineering, and who is employed and engaged in these activities as a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker in the computer software field, as provided in § 541.303 . . .

29 C.F.R. § 541.3(a)(4) (2004).

Section 541.3 enumerates certain other requirements for the exemption. *See*, 29 C.F.R. § 541.3(c)-(d). However, these requirements are excused if the worker is compensated on a salary or fee basis at a rate of not less than $ 250 per week. 29 C.F.R. § 541.3(e). This is known as the "short test." *Jackson v. McKesson Health Solutions LLC*, 2004 WL 2453000 (D. Mass. 2004). Whether applying the short test or not, the employer must still establish that the work requires "the consistent exercise of discretion and judgment . . ." 29 C.F.R. § 541.3(e).[5]

The regulations provide that an employee will be considered to be paid "on a salary basis" if, "under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.118(a) (2004).

In the case *sub judice*, it is uncontroverted that during his employment with Xspedius,

---

[4] The applicable regulations were amended effective August 23, 2004. As this suit, and the events giving rise to same, preceded the amendments, we rely on the regulations in effect at that time.

[5] *See, Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 579 (6th Cir. 2004)(listing the three requirements for the computer professional exemption).

Pellerin was paid a minimum of $ 1,923 on a biweekly basis, and that the payments did not vary due to the amount of hours worked. (Def. Exh. A; Jack Monteith Affidavit). Moreover, there are no allegations or evidence that Pellerin's salary was reduced due to the quality of the work produced. Accordingly, we find that plaintiff was paid on a salary basis, and that his salary exceeded $ 250 per week.[6]

Plaintiff acknowledges that he possessed self-developed, advanced skills and expertise in the computer programming field. (Pl. Opp. Memo., pg. 6; Pellerin Affidavit, ¶ 17; Ans. to Interr. No. 7, Pl. Attach. No. 1).[7] Moreover, there is evidence that Pellerin utilized these skills during the relevant period at Xspedius. For instance, Pellerin acknowledged that to accomplish many of his assignments, he had to familiarize himself with the internal structure of the relevant systems and data, and had to understand the potential impact of coding instructions on the product or system. (Pellerin Affidavit, ¶ 13). Pellerin further agreed that some of his work required special knowledge of computer science or software development. *Id*. at ¶ 14. Pellerin admits that after December 2001, his work assignments consisted primarily of debugging and maintenance, and some software developments. *Id*. at ¶ 20.

The foregoing evidence tends to support a finding that Pellerin's work met the requirements set forth in 29 C.F.R. § 541.3(a)(4) (2004) and 29 U.S.C.A. § 213(a)(17)(B). However, the instant record does not permit us to conclude beyond doubt that this work

---

[6] There is some discussion in plaintiff's brief regarding a minimum hourly rate. Yet, having found that plaintiff was paid on a salary basis, the hourly rate provision is inapplicable and irrelevant. *See*, 29 C.F.R. § 541.3(e).

[7] *See*, 29 C.F.R. § 541.303(c) (2004)(while employees commonly have a higher degree, no particular academic degree is required for this exemption).

constituted Pellerin's "primary duty" during the relevant period. *Id.*[8]

Of even greater concern is whether Pellerin's work required "the consistent exercise of discretion and judgment . . ." 29 C.F.R. § 541.3(e). The Fifth Circuit provides that

> [t]he exercise of discretion and independent judgment necessitates consideration and evaluation of alternative courses of conduct and taking action or making a decision after the various possibilities have been considered. 29 C.F.R. § 541.207(a). This exercise of discretion and independent judgment must relate to matters of consequence. 29 C.F.R. § 541.207(b)-(c)(1). Final decision making authority over matters of consequence is unnecessary.

*Lott v. Howard Wilson Chrysler-Plymouth, Inc.,* 203 F.3d 326, 331 (5th Cir. 2000)

The "consistent exercise of discretion and judgment" contemplates "the authority or power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance." *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)(quoting, 29 C.F.R. § 541.207(a)). To qualify for the administrative employee exemption, an employee must be required to exercise discretion and independent judgment "customarily and regularly." *Id*.

Particularly instructive to the case at hand is the following regulation,

> [i]n the data processing field a systems analyst is exercising discretion and independent judgment when he develops methods to process, for example, accounting, inventory, sales, and other business information by using electronic computers. He also exercises discretion and independent judgment when he determines the exact nature of the data processing problem, and structures the problem in a logical manner so that a system to solve the problem and obtain the desired results can be developed. Whether a computer programmer is exercising discretion and independent judgment depends on the facts in each particular case. Every problem processed in a computer first must be carefully analyzed so that

---

[8] Generally, an employee's "primary duty" involves over 50% of his work time. *Lott v. Howard Wilson Chrysler-Plymouth, Inc.* 203 F.3d 326, 331 (5th Cir. 2000). However, this rule of thumb is not necessarily dispositive. *See*, *Dalheim v. KDFW-TV* , 918 F.2d 1220, 1227 (5th Cir. 1990). Under the short test, the employee's primary duty will usually be what he does that is of principal value to the employer, not the collateral tasks that he may also perform, even if more time-consuming. *Id*.

exact and logical steps for its solution can be worked out. When this preliminary work is done by a computer programmer he is exercising discretion and independent judgment. A computer programmer would also be using discretion and independent judgment when he determines exactly what information must be used to prepare the necessary documents and by ascertaining the exact form in which the information is to be presented. *Examples of work not requiring the level of discretion and judgment contemplated by the regulations* are highly technical and mechanical operations such as the preparation of a flow chart or diagram showing the order in which the computer must perform each operation, the preparation of instructions to the console operator who runs the computer or the actual running of the computer by the programmer, and *the debugging of a program*. It is clear that the duties of data processing employees such as tape librarians, keypunch operators, computer operators, *junior programmers and programmer trainees* are so closely supervised as to preclude the use of the required discretion and independent judgment.

29 C.F.R. § 541.207(c)(7) (2004)(emphasis added).

In the case *sub judice*, Pellerin suggests that he was not employed as a senior software developer. (*See*, Pellerin Affidavit, ¶ 21). Rather, the vast majority of Pellerin's assignments involved application of knowledge and skill possessed by entry level programmers and developers. *Id*. at ¶ 17. Pellerin's work was closely supervised by management. *Id*. at ¶ 14. Most of Pellerin's assignments were so routine that they did not involve any decision in how the work should be accomplished. *Id*. at ¶ 12. The vast majority of Pellerin's work required following specifications provided by management, and involved little more than following detailed instructions. *Id*. at ¶ 9.[9] Similar assignments were given to new, inexperienced computer programmers. *Id*. at ¶ 6.

Whether a computer programmer is exercising discretion and independent judgment

---

[9] The specifications detailed how to complete the tasks and included a completion date. *Id.* at ¶ 8.

Xspedius's Manager of Software Development, April Cargile, stated that the specifications set forth what needed to be done, but not how to do it. (Cargile Affidavit, ¶ 7). Of course, in the summary judgment context, all evidence must be viewed in the light most favorable to the non-movant. *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir. 2002).

7

depends on the facts in each case. 29 C.F.R. § 541.207(c)(7) (2004). Indeed, the entire inquiry into exempt status under the FLSA remains intensely factbound and case specific. *See, Dalheim v. KDFW-TV*, 918 F.2d 1220, 1226 (5th Cir. 1990). Under the instant facts, defendant has not established beyond peradventure all of the elements of the computer professional exemption.

Xspedius alternatively seeks partial summary judgment regarding plaintiff's claim for liquidated damages. Section 16(b) of the FLSA provides that "any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Liquidated damages are to be awarded under the FLSA unless the employer demonstrates that it acted both reasonably and in good faith. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)(citing, 29 U.S.C. § 260). Defendant's burden is substantial. *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir.1990)(citation omitted). Good faith requires some duty by the employer to investigate potential liability under the FLSA. *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464 (5th Cir. 1979). Defendant has not adduced any evidence that it fulfilled this duty.

Moreover, even if the employer's actions are determined to have been taken in good faith and based on reasonable grounds, the district court still retains the discretion to award liquidated damages. *Heidtman, supra*. Our determination regarding the computer professional exemption defense means that plaintiff may yet prevail in this matter. *See*, discussion, *supra*. Thus, the award of liquidated damages remains within our discretion, irrespective of defendant's alleged reasonableness and good faith.

Finally, defendant seeks partial summary judgment on the issue of willfulness.

Willfulness is relevant to whether a two or three year limitations period applies to plaintiff's claim for unpaid overtime. To demonstrate a willful violation of the FLSA, the plaintiff must establish that his former employer either knew or showed reckless disregard for whether its conduct was prohibited by the FLSA. *Karr v. City of Beaumont, Tx.*, 950 F.Supp. 1317, 1325 (E.D. Tex. 1997)(citations omitted). Here, plaintiff has adduced an affidavit that, while by no means dispositive, can be used to support a finding that his supervisor(s) knew that his work did not require the consistent exercise of discretion and independent judgment such as to render the professional computer exemption inapplicable. (*See*, Pellerin Affidavit).[10] Thus, summary judgment is inappropriate.

For the foregoing reasons, we find that there are genuine issues of material fact that preclude summary judgment. Fed.R.Civ.P. 56(c). Accordingly,

Defendant's motion for summary judgment [doc. # 19] is hereby DENIED, in its entirety.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of December, 2005.

*[signature]*
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[10] In the summary judgment context, we draw all reasonable inferences in favor of the non-movant. *Karr, supra* (citation omitted).